RECEIVED

FEB 2 7 2014

U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LUIS ACOSTA,                                                )
                                                            )
                              Plaintiff,                    )
                                                            )
          -against-                                         )
                                                            )
THE CITY OF NEW YORK, JOHN MCGEE,                           )
HARRY G. BONHOMME, VLADIMIR TEJERA,                         )
DAVID ROBERTS, UNDERCOVER POLICE                            )
OFFICER SHIELD #C0010,                                      )
ADOLFO GONZALES, JORGE MERGECHE,                            )
GEORGE WEIR, MICHAEL SMITH,                                 )
JOSE SANTIAGO, CHRISTIAN SANCHEZ,                           )
ALBERYS GARCIA,                                             )
and JOHN and JANE DOES,                                     )
                                                            )
                              Defendants.                   )
------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**13 CV 7943 (JSR)**

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff seeks relief for the defendants'

violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the

United States Constitution, including its Fourth and Fourteenth Amendments.  The plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4),

this being an action seeking redress for the violation of the plaintiff's constitutional and civil

rights.

## JURY TRIAL DEMANDED

3.     Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

4.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5.     Plaintiff LUIS ACOSTA is a citizen of the United States.

6.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

7.     Defendants MCGEE, BONHOMME, TEJERA, ROBERTS, U/C P.O. Shield #C0010, GONZALES, MERGECHE, WEIR, SMITH, SANTIAGO, SANCHEZ, GARCIA, and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority

2

vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The aforenamed defendants are sued in their individual capacities.

<u>**STATEMENT OF RELEVANT FACTS**</u>

8.      On May 2, 2011, in the vicinity of 165th Street and Woodycrest Avenue in the Bronx, New York, plaintiff ACOSTA was arrested by defendants MERGECHE, WEIR, SMITH, and DOES for Criminal Trespass in the Second Degree, Arrest Number B11636543. Plaintiff was not trespassing, nor had he done anything else that would justify his arrest.

9.      Plaintiff was detained and later released when no charges were filed against him in Criminal Court.

10.     On July 6, 2011, in the vicinity of 165th Street and Woodycrest Avenue in the Bronx, New York, plaintiff ACOSTA was arrested by defendants GONZALES, SANTIAGO, BONHOMME, and DOES for Criminal Trespass in the Second Degree, Arrest Number B11655097. Plaintiff was not trespassing, nor had he done anything else that would justify his arrest.

11.     Plaintiff was detained and later released when no charges were filed against him in Criminal Court.

12.     On August 1, 2011, at approximately 12:55 p.m., in the vicinity of 101 West 165th Street, Bronx, New York, plaintiff ACOSTA was arrested by defendants ROBERTS, U/C P.O. Shield #C0010, and DOES for Obstructing Governmental Administration. Plaintiff was not obstructing governmental administration, nor had he done anything else that would justify his arrest.

13.    Plaintiff was detained until he was arraigned on docket number 2011BX042984. All charges were subsequently dismissed.

14.    On September 17, 2011, at approximately 12:20 a.m., in the vicinity of the north east corner of Nelson Avenue and West 165th Street, Bronx, New York, plaintiff ACOSTA was arrested by defendants TEJERA, SANCHEZ, and DOES for Disorderly Conduct.  Plaintiff was not disorderly, nor had he done anything else that would justify his arrest.

15.    Plaintiff was detained until he was arraigned on docket number 2011BX051347. All charges were subsequently dismissed.

16.    On November 12, 2011, at approximately 5:30 p.m., in the vicinity of Woodycrest Avenue and West 165th Street in the Bronx, New York, plaintiff ACOSTA was arrested by defendants MCGEE, BONHOMME, GARCIA, SANTIAGO, and DOES.  Plaintiff ACOSTA was charged with Criminal Sale of Marijuana.  Plaintiff ACOSTA had not sold marijuana, nor had he done anything else that would justify his arrest.

17.    Plaintiff ACOSTA was transported to a police precinct stationhouse, where he was subjected to a strip-search.

18.    Plaintiff was detained until he was arraigned on docket number 2011BX061489. All charges were subsequently dismissed.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

19.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

20.     By their conduct and actions in falsely arresting, strip-searching, and maliciously prosecuting plaintiff, and by failing to intercede to prevent the complained of conduct, defendants MCGEE, BONHOMME, TEJERA, ROBERTS, U/C P.O. Shield #C0010, GONZALES, MERGECHE, WEIR, SMITH, SANTIAGO, SANCHEZ, GARCIA, and DOES, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

21.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

22.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

23.     At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

24.     At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed

5

to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants MCGEE, BONHOMME, TEJERA, ROBERTS, U/C P.O. Shield #C0010, GONZALES, MERGECHE, WEIR, SMITH, SANTIAGO, SANCHEZ, GARCIA, and DOES.

25.    The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

26.    As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre- and post-judgment costs, interest and attorneys' fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
          February 24, 2014

MICHAEL L. SPIEGEL, Esq.
11 Park Place, Suite 914
New York, New York 10007
(212) 587-8558

*Attorney for Plaintiff*